Per Curiam.

In this action petitioner is attacking the jurisdiction of the court to sentence him on the habitual-criminal I indictment, on the basis that such indictment was void. His attack on the habitual-criminal indictment is founded on the ground that his last prior conviction, the one upon which thef habitual-criminal indictment was based, was void because of j the denial of a speedy trial.
A question as to the validity of the convictions upon whichl a habitual-criminal indictment is based cannot be raised in al *75 habeas corpus proceeding relating to the habitual-criminal sentence. A question as to any claimed invalidity of such prior convictions must be raised in the proceedings on the trial on the habitual-criminal indictment itself and by appeal. Huth v. Maxwell, Warden, 176 Ohio St., 360; and Maloney v. Maxwell, Warden, 174 Ohio St., 84.
Petitioner urges also that his habitual-criminal sentence was invalid because the trial court failed to vacate his last prior sentence as required by Section 2961.13, Revised Code.
The failure of the court to vacate the previous sentence in imposing a habitual-criminal sentence is an error in sentencing, but it does not invalidate the proceedings. Errors or irregularities in sentences are not cognizable in habeas corpus. Ex parte Van Hagan, 25 Ohio St., 426; Johnson v. Sacks, Warden, 173 Ohio St., 452; and Kennedy v. Maxwell, Warden, 176 Ohio St., 215.
The petitioner contends further that his habitual-criminal sentence was invalid because it was made to run consecutively with his sentence for concealing stolen property, and that he was placed in double jeopardy because the court did not vacate his sentence for concealing.
The conviction for concealing stolen property preceded petitioner’s last burglary conviction, the conviction on which the habitual-criminal sentence was imposed. A habitual-criminal statute does not create a substantive crime but provides for an augmentation of the penalty of the last previous conviction, the sentence upon which is set aside and the habitual-criminal sentence imposed in lieu thereof.
The habitual-criminal sentence affects only the last prior conviction and has no effect on prior unexpired sentences. Thus, a habitual-criminal sentence may be made to run consecutively with any unexpired prior sentences not affected by the habitual-criminal sentence. People v. Shotwell, 352 Mich., 42, 88 N. W. (2d), 313.
The concealing sentence was not his last previous sentence. Thus, there was no duty on the court to vacate such sentence.
Finally, petitioner attacks his concealing conviction on the ground that the affidavit upon which he was bound over to the grand jury charged him with breaking and entering, but that *76 the indictment returned by the grand jury charged him with receiving stolen property. An accused in a felony case is not tried upon the affidavit filed against him but on the indictment by the grand jury. The grand jury is the ultimate charging body, and it is within its discretion, based on the evidence presentend to it, to determine for which felony an accused shall be charged. The fact that the grand jury determines that an accused shall be charged with a felony other than that made against him in the affidavit originally filed and upon which he is bound over to the grand jury has no effect on the validity of the indictment returned by the grand jury. See Clinger v. Maxwell, Warden, 175 Ohio St., 540.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, 0’Neill, Griffith, Herbert and Gibson, JJ., concur.