PEOPLE v STAPLES

Docket No. 44675. Submitted April 3, 1980, at Lansing.—Decided July 28, 1980.

Wayne Staples was convicted, on his plea of guilty, of escape from prison in Jackson Circuit Court, Russell E. Noble, J. The defendant's plea was part of a plea agreement with the prosecuting attorney whereby the prosecutor agreed not to charge the defendant as an habitual offender. Defendant appeals, seeking to withdraw his guilty plea, and alleging that the plea agreement was illusory because an escape conviction cannot be used to support habitual offender treatment since the escape statute itself requires the imposition of a consecutive sentence. Defendant argues that if an habitual offender conviction were secured as well, the escape conviction would result in a twice-enhanced sentence. *Held:*

1. The habitual offender statutes do not represent separate crimes; rather the application of the statutes merely operates to increase the sentence imposed for conviction of the underlying felony. Conviction as an habitual offender is not conviction of a second felony on the basis of one offense.

2. The habitual offender statutes apply to all felonies, including escape from prison, unless specifically excluded by their provisions.

Affirmed.

1. CRIMINAL LAW — PLEA BARGAINS — ILLUSORY BARGAINS — HABITUAL OFFENDER STATUTES.

A plea agreement in a criminal case may constitute an illusory bargain where the prosecutor agrees not to charge the defendant as an habitual offender in a case where such charge could not be made in any event.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 491.5.

[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 1, 2.

[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 14 *et seq.*

2. CRIMINAL LAW — HABITUAL OFFENDERS — STATUTES.

The habitual offender statutes do not represent separate crimes; rather, the application of the statute merely operates to increase the sentence imposed for conviction of the underlying felony, and, thus, conviction as an habitual offender is not conviction of a second felony on the basis of one offense (MCL 769.11; MSA 28.1083).

3. CRIMINAL LAW — HABITUAL OFFENDERS — PRISON ESCAPE — STATUTES.

The habitual offender statutes apply to all felonies, including escape from prison, unless specifically excluded by their provisions (MCL 769.11, 750.193; MSA 28.1083, 28.390).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

PER CURIAM. Defendant pled guilty to escape from prison, MCL 750.193; MSA 28.390, as part of a plea agreement in which the prosecutor agreed not to charge defendant as an habitual (third) offender under MCL 769.11; MSA 28.1083. Defendant was sentenced to a consecutive prison term of one to five years and now appeals of right.

Defendant seeks to withdraw his guilty plea because the prosecutor's plea agreement was illusory. Defendant reaches this conclusion by reasoning that an escape conviction cannot be used to support habitual offender treatment because the escape statute itself requires the imposition of a consecutive sentence. If an habitual offender con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

viction was secured as well, defendant argues that the escape conviction would result in a twice-enhanced sentence. This sentence would be consecutive under the escape statute and longer than usual under the habitual offender statute. Absent explicit legislative authorization for such a result, defendant asserts that the two statutes cannot be applied in tandem.

We agree that a plea agreement may constitute an illusory bargain if the prosecutor agrees not to charge defendant as an habitual offender in a case where such charge could not be made in any event. *People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978). In the case at bar, however, we do not find that the bargain was illusory.

MCL 750.193; MSA 28.390, provides in clear terms that a person who is convicted thereunder "is guilty of a felony, punishable by *further imprisonment* for not more than five years. The term of the *further imprisonment* shall be served after the termination * * * of the sentence or sentences then being served." (Emphasis supplied.)

MCL 769.11; MSA 28.1083, provides in pertinent part that:

"(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or section 1 of chapter 11, may sentence the person to imprisonment for a maximum term which is not more than twice the longest term prescribed by law for a first conviction of that offense or for a lesser term." MCL 769.11(1)(a); MSA 28.1083(1)(a).

The habitual offender statutes do not represent separate crimes. Rather, the application of the statutes merely operates to increase the sentence

imposed for conviction of the underlying felony. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 390; 280 NW2d 793 (1979), *People v Stratton,* 13 Mich App 350, 359 n 8; 164 NW2d 555 (1968), *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), *cert den* 356 US 976; 78 S Ct 1141; 2 L Ed 2d 1149 (1958). Thus, conviction as an habitual offender is not conviction of a second felony on the basis of one offense (the escape). Indeed, this Court has so ruled on previous occasions with regard to escape, *People v Shastal,* 26 Mich App 347, 351-352; 182 NW2d 638 (1970), and aiding a prisoner to escape from a county jail, *People v Potts,* 55 Mich App 622, 639; 223 NW2d 96 (1974), *lv den* 391 Mich 833 (1974).

In *People v Shotwell,* 352 Mich 42; 88 NW2d 313 (1958), defendant argued that the Legislature did not intend the escape statute and the habitual offender statute to be applied in tandem. The Michigan Supreme Court rejected the argument in pertinent part as follows:

"While defendant does not cite the case, we note there is some possible comfort for him in some of the things we said in *People v Brown,* 253 Mich 537 (82 ALR 341). Despite that case, however, we further note that substantive crimes are created and defined in our penal code whereas the statutory provisions for second and subsequent offenders are found in our code of criminal procedure. This is some indication, we think, that the legislature did not intend to make a separate substantive crime out of being a habitual criminal but rather, for deterrent purposes, intended to augment the punishment for second or subsequent felonies. Since the legislature did not except escaping prison from our second offender statute we can only infer that it intended the latter statute to apply to all felonies. This we held with little if any discussion in *In re Wilson,* 295 Mich 179." 352 Mich 42, 46.

On the authority of *Shotwell, supra,* we feel compelled to reject defendant's argument here. The Supreme Court's conclusion that the second offender statute was intended to apply to all felonies, including escapes, is further strengthened by the 1978 amendment to MCL 769.11; MSA 28.1083; 1977 PA 1978. As amended, this statute now excepts major controlled substance offenses from the punishment provisions of the habitual offender act. MCL 769.11(1)(c); MSA 28.1083(1)(c). The specific exception of such offenses from the operation of the act indicates that the Legislature did not intend to except escape therefrom. Finally, MCL 769.12(4); MSA 28.1084(4) states that MCL 769.11; MSA 28.1083 "govern[s] the length of sentence to be imposed for the commission of a subsequent felony and [is] not in derogation of other provisions of law which permit or direct the imposition of a consecutive sentence for a subsequent felony". Thus, the Legislature has evidenced its intent to sanction the use of the habitual offender statute in tandem with a consecutive sentence requirement.

Defendant's plea agreement was not an illusory bargain.

Affirmed.