PEOPLE v PRIMER

PEOPLE v HEGWOOD

Docket Nos. 91242, 93287. Argued March 4, 1993 (Calendar Nos. 14-15). Decided September 28, 1993. Rehearings denied *post,* 1203.

James E. Primer pleaded guilty in the Kalamazoo Circuit Court, Richard Ryan Lamb, J., of delivering less than fifty grams of cocaine and conditionally pleaded guilty to a reduced supplemental charge of being a second offender, and was sentenced to serve seven to twenty-five years in prison. The Court of Appeals, MICHAEL J. KELLY, P.J., and DOCTOROFF and NEFF, JJ., affirmed in an unpublished opinion per curiam, finding the habitual offender provisions applicable (Docket No. 126402).

Phillip C. Hegwood pleaded guilty in the Kalamazoo Circuit Court, Donald M. Goodwillie, J., of delivering less than fifty grams of cocaine and to being a second offender, and was sentenced to serve nine to thirty years. The Court of Appeals, DANHOF, C.J., and WAHLS and GRIFFIN, JJ., affirmed in an unpublished opinion per curiam (Docket No. 130239).

Both defendants appeal, contending that they cannot be sentenced under the habitual offender provisions of the Code of Criminal Procedure because a person convicted of a major controlled substance offense must be punished under the Public Health Code, and that the maximum sentences were improper as being in excess of the range of one to twenty years provided by the Public Health Code.

In an opinion by Justice LEVIN, joined by Justices BOYLE, RILEY, and MALLETT, the Supreme Court *held:*

A person convicted of a major controlled substance offense, who has no prior record of conviction of a drug offense, but has a prior record of conviction of another felony, may be punished

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons § 48; Habitual Criminals and Subsequent Offenders §§ 6, 14, 15.

What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.

Determination of character of former crime as a felony, so as to warrant punishment of an accused as a second offender. 19 ALR2d 227.

as an habitual offender under the provisions of the Code of Criminal Procedure.

1. The legislative purpose of the mandatory minimum sentencè provisions of the Public Health Code was to assure that the mandatory sentences for the commission of a first or subsequent major controlled substance offense would not be ameliorated as the result of the exercise of discretion regarding the length of sentence provided in the habitual offender provisions of the Code of Criminal Procedure. It was not intended to preclude enhancement of a sentence under the habitual offender provisions that might be imposed on a person who has a record of prior felony convictions, albeit not for a major controlled substance offense.

2. In imposing maximum sentences greater than the twenty years provided in the Public Health Code, the sentencing judges in these cases did not violate the statutory edict requiring that the defendants be punished as severely as provided in the Public Health Code. In requiring that a person convicted of a major controlled substance offense be punished as provided in the Public Health Code, the Legislature may have been concerned that a judge reluctant to impose a mandatory sentence provided in the Public Health Code might utilize the habitual offender provisions to eliminate the mandatory sentence on the basis that MCL 769.13; MSA 28.1085 provides that the sentence imposed for the underlying offense—the mandatory sentence—must be vacated and a new sentence imposed. The legislative purpose may have been to obviate such manipulation.

Affirmed.

Chief Justice CAVANAGH, joined by Justices BRICKLEY and GRIFFIN, dissenting, stated that because the habitual offender sections of the Code of Criminal Procedure are inapplicable where a defendant has been convicted of a major controlled substance offense, the defendants' convictions as habitual offenders should be vacated, and the cases remanded to the circuit court for resentencing.

Although the habitual offender sections of the Code of Criminal Procedure provide for augmented punishment of habitual criminals, MCL 769.10(1)(c); MSA 28.1082(1)(c) clearly and unambiguously provides that where a subsequent felony is a major controlled substance offense, punishment is to be provided pursuant to the Public Health Code. The Public Health Code provides that persons previously convicted of controlled substance offenses, who later are convicted of a second or subsequent controlled substance violation, are to be given enhanced punishment.

In *Primer,* although the defendant has been convicted of

three prior offenses, the habitual offender provision is inapplicable because this is his first conviction of a controlled substance offense, and thus under the Public Health Code, he is not subject to enhanced punishment. In *Hegwood,* the defendant is not subject to an enhanced punishment under either the habitual offender statute or the Public Health Code.

CRIMINAL LAW — HABITUAL OFFENDER — CONTROLLED SUBSTANCES.

A person convicted of a major controlled substance offense, who has no prior record of conviction of a drug offense, but has a prior record of conviction of another felony, may be punished as an habitual offender under the provisions of the Code of Criminal Procedure (MCL 769.10-769.13; MSA 28.1082-28.1085, MCL 333.7401; MSA 14.15[7401]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski, Joseph S. Skocelas,* and *Judith Ketchum,* Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Ronald E. Steinberg*) for the defendants.

LEVIN, J. The question presented is whether a person convicted of a major controlled substance offense, who has no prior record of conviction of a drug offense, but has a prior record of conviction of another felony, may be punished as an habitual offender under the provisions of the Code of Criminal Procedure consistent with the 1978 amendment of those provisions stating that "[i]f the subsequent felony is a major controlled substance offense, the person shall be punished as provided" in the Public Health Code.[1]

We hold that the legislative purpose was to assure that the mandatory sentences for the com-

---

[1] Subsection (c) of §§ 10, 11, and 12 of the Code of Criminal Procedure was amended by 1978 PA 77, MCL 769.10-769.12; MSA 28.1082-28.1084.

Subsection (c) of § 10 refers to §§ 335.301 to 335.367 of the Michigan Compiled Laws.

mission of a first or subsequent[2] major controlled substance offense would not be ameliorated as the result of the exercise of discretion regarding the length of sentence provided in the habitual offender provisions in the Code of Criminal Procedure, and not to preclude enhancement of a sentence under the habitual offender provisions that might be imposed on a person who has a record of prior felony conviction, albeit not for a major controlled substance offense.

We therefore affirm the decisions of the Court of Appeals, which affirmed the enhanced sentences imposed on James Earl Primer and Phillip Christopher Hegwood.

I

Primer sold less than one gram of cocaine to an undercover policewoman. He had a prior conviction record, which included larceny in a building, attempted larceny in a building, and malicious destruction of property over one hundred dollars. He did not, however, have a prior drug-related conviction.

---

[2] The Public Health Code provides for mandatory minimum sentences for certain first drug offenses; for delivery or possession with intent to deliver cocaine

- life imprisonment without possibility of parole where the amount is 650 grams or more;
- twenty to thirty years where the amount is 225 grams or more, but less than 650 grams;
- ten to twenty years where the amount is fifty grams or more, but less than 225 grams. MCL 333.7401; MSA 14.15(7401).

The Public Health Code also provides that a person convicted of certain drug offenses, e.g., delivery of fifty grams or more, who was previously convicted for violation of such serious offenses, "and is thereafter convicted of a second or subsequent violation . . . shall be imprisoned for life and shall not be eligible for probation, suspension of sentence, or parole during that mandatory term . . . ." MCL 333.7413; MSA 14.15(7413).

There are other provisions for mandatory sentences on a second or subsequent conviction. *Id.*

Primer was charged with delivery of less than fifty grams of cocaine, and with being an habitual fourth offender. He tendered a plea of guilty of delivery of less than fifty grams and a conditional plea[3] of being an habitual second offender.

A judge may impose a sentence for delivery of less than fifty grams of cocaine of not less than one year nor more than twenty years, or place the offender on probation for life.[4] Primer was sentenced to serve seven to twenty-five years in prison. The Court of Appeals affirmed.[5]

Hegwood was charged with delivery of less than fifty grams of cocaine and as an habitual fourth offender. He tendered pleas of guilty of delivery of less than fifty grams of cocaine and to being an habitual second offender. The prosecutor agreed to recommend a sentence of no more than ten to thirty years on conviction as an habitual offender. Hegwood was sentenced to serve nine to thirty years. The Court of Appeals affirmed.[6]

Primer and Hegwood contend that they cannot be sentenced under the habitual offender provisions because of the specific statement added in 1978 that a person convicted of a major controlled substance offense "*shall* be punished" as provided in the Public Health Code.

II

Section 13 of chapter 10 of the Code of Criminal

---

[3] Primer reserved the right to raise the claim that he could not be proceeded against as an habitual second offender because the prior offense was not a drug offense.

[4] 1978 PA 368, amending § 7403 of the Public Health Code, MCL 333.7403; MSA 14.15(7403).

[5] Unpublished opinion per curiam, decided March 6, 1991 (Docket No. 126402).

[6] Unpublished opinion per curiam, decided November 26, 1991 (Docket No. 130239).

Procedure provides that if a person is convicted as an habitual offender under § 10, 11, or 12, the court may sentence the offender to the punishment prescribed in § 10, 11, or 12, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the vacated sentence if required.[7] In providing that a person convicted of a major controlled substance offense shall be punished as provided in the Public Health Code, the Legislature may have been concerned that a judge reluctant to impose a mandatory sentence provided in the Public Health Code might utilize the habitual offender provisions to eliminate the mandatory sentence on the basis that § 13 provides that the sentence imposed for the underlying offense—the mandatory sentence—shall be vacated and a new sentence imposed.

There is no mandatory minimum sentence, even for a fourth offender, under the habitual offender sentencing provisions. Accordingly, after sentencing a person under the habitual offender provisions to a term less than the mandatory sentence provided for in the Public Health Code, a judge—but for the proviso stating that where the conviction is for a major controlled substance, the person "shall be punished" as provided in the Public Health Code—could vacate the sentence imposed under the Public Health Code and substitute a term of years less than the mandatory sentence provided in the Public Health Code. The legislative

---

[7] The statute provides in part:

> If the accused pleads guilty to the information or if the jury returns a verdict of guilty, the court may sentence the offender to the punishment prescribed in section 10, 11, or 12, *and shall vacate the previous sentence,* deducting from the new sentence all time actually served on the vacated sentence if required. [MCL 769.13; MSA 28.1085. Emphasis added.]

purpose may thus have been to obviate such manipulation.

We do not read "shall be punished as provided" in the Public Health Code in this context as meaning that a greater sentence could not be imposed under the habitual offender provisions.[8]

The minimum sentences were well within the one- to twenty-year range provided for in the Public Health Code. Imposing maximum sentences greater than the twenty years provided in the Public Health Code did not violate the statutory edict requiring punishment as provided in the Public Health Code.

Affirmed.

BOYLE, RILEY, and MALLETT, JJ., concurred with LEVIN, J.

CAVANAGH, C.J. (*dissenting*). This case presents a question concerning the scope of the habitual offender sections of the Code of Criminal Procedure. The circuit court and the Court of Appeals permitted the prosecution of the defendants as habitual offenders, but the clear language of the statute compels a contrary result. Accordingly, I

---

[8] Primer and Hegwood rely on the following statement in *People v Bewersdorf,* 438 Mich 55, 71-72; 475 NW2d 231 (1991):

> Our conclusion that the Legislature intended that the habitual offender act apply to OUIL felonies, even though the underlying felony is itself an OUIL offense, is supported by 1978 PA 77, which amended the habitual offender statute to exempt from its application certain major controlled substance offenses controlled by other provisions of law. See *People v Elmore,* 94 Mich App 304, 306, n 1; 288 NW2d 416 (1979), and *People v Staples,* 100 Mich App 19, 23; 299 NW2d 1 (1980).

The foregoing statement was not the primary basis of the Court's opinion. The meaning of the language "shall be punished as provided" in the Public Health Code was not the issue there presented. The Court's observation is not precedentially binding under the doctrine of stare decisis.

would vacate the defendants' convictions and enhanced sentences as habitual offenders, and remand to the circuit court for resentencing.

I

Within the Code of Criminal Procedure[1] are the habitual offender sections.[2] Their purpose is to provide augmented punishment for habitual criminals.[3]

In addition to the general provisions regarding habitual offenders, several sections of the Penal Code[4] provide either that a repeat offender receive enhanced punishment or that such a person be guilty of a higher offense.[5] In addition, the Public Health Code[6] states that persons previously convicted of controlled substance offenses, who later are convicted of a second or subsequent controlled substance violation, are to be given enhanced punishment. MCL 333.7413; MSA 14.15(7413).[7]

---

[1] MCL 760.1 et seq.; MSA 28.841 et seq.

[2] MCL 769.10 et seq.; MSA 28.1082 et seq.

[3] People v Bewersdorf, 438 Mich 55, 67; 475 NW2d 231 (1991); Wayne Co Prosecutor v Recorder's Court Judge, 406 Mich 374, 389-390; 280 NW2d 793 (1979), reh den 406 Mich 1127 (1979), app dis sub nom Brintley v Michigan, 444 US 948 (1979); People v Hendrick, 398 Mich 410, 416-417; 247 NW2d 840 (1976); People v Shotwell, 352 Mich 42, 46; 88 NW2d 313 (1958), cert den 356 US 976 (1958). For the history of these provisions, see People v Preuss, 436 Mich 714; 461 NW2d 703 (1990).

[4] MCL 750.1 et seq.; MSA 28.191 et seq.

[5] See, e.g., MCL 750.520f; MSA 28.788(6) (criminal sexual conduct), MCL 750.227b(1); MSA 28.424(2)(1) (possession of a firearm during the commission of a felony), MCL 257.625(5), (6); MSA 9.2325(5), (6) (driving a motor vehicle under the influence of intoxicating liquor or controlled substance), and MCL 750.356c(2); MSA 28.588(3)(2) (retail fraud).

[6] MCL 333.1101 et seq.; MSA 14.15(1101) et seq.

[7] (1) An individual who was convicted previously for a violation of any of the following offenses and is thereafter convicted of a second or subsequent violation of any of the following offenses shall be imprisoned for life and shall not be eligible for probation, suspension of sentence, or parole during that mandatory term:

The question arises whether the general habitual offender provisions can be combined with the specific provisions regarding persons who repeat particular offenses. In general, such combination is not an improper form of double enhancement. For example, in *People v Bewersdorf,* 438 Mich 55; 475 NW2d 231 (1991), this Court held that the general habitual offender provisions could be applied to persons who were convicted of operating a motor vehicle under the influence of intoxicating liquor, third offense.[8] This outcome was reached even though OUIL-3d is a felony only because the OUIL statute elevates a third offense from a misdemeanor to a felony.

With regard to the issue before us today, the key

---

(a) A violation of section 7401(2)(a)(ii) or (iii).

(b) A violation of section 7403(2)(a)(ii) or (iii).

(c) Conspiracy to commit an offense proscribed by section 7401(2)(a)(ii) or (iii) or section 7403(2)(a)(ii) or (iii).

(2) Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

(3) An individual convicted of a second or subsequent offense under section 7410(2) or (3) shall be punished, subject to subsection (4), by a term of imprisonment of not less than 5 years nor more than twice that authorized under section 7410(2) or (3) and, in addition, may be punished by a fine of not more than 3 times that authorized by section 7410(2) or (3); and shall not be eligible for probation or suspension of sentence during the term of imprisonment.

(4) The court may depart from the minimum term of imprisonment authorized under subsection (3) if the court finds on the record that there are substantial and compelling reasons to do so.

(5) For purposes of subsection (2), an offense is considered a second or subsequent offense, if, before *conviction of the offense,* the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug.

[8] MCL 257.625(6); MSA 9.2325(6).

language is in paragraph (1)(c) of the habitual offender provisions.[9] That paragraph states:

> If the subsequent felony is a major controlled substance offense,[10] the person shall be punished as provided by part 74 of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 to 333.7415 of the Michigan Compiled Laws.

This passage was noted in *Bewersdorf*, where we contrasted it with the Legislature's treatment of OUIL-3d offenders:

> Our conclusion that the Legislature intended that the habitual offender act applied to OUIL felonies, even though the underlying felony is itself an OUIL offense, is supported by 1978 PA 77, which amended the habitual offender statute to exempt from its application certain major controlled substance offenses controlled by other provisions of law. See *People v Elmore,* 94 Mich App 304, 306, n 1; 288 NW2d 416 (1979), and *People v Staples,* 100 Mich App 19, 23; 299 NW2d 1 (1980).
>
> Obviously, the Legislature has demonstrated that when it intends to do so, it is capable of excluding a particular category of felonies from the sentence enhancement provisions of the habitual offender act. That the Legislature has not seen fit to write in a similar exception for OUIL convictions, although it has had numerous opportunities to do so, provides reinforcement, we believe, for our finding that the Legislature intended the habitual offender statute to apply to OUIL felonies. [*Bewersdorf,* 438 Mich 71-72.][11]

---

[9] MCL 769.10(1)(c), 769.11(1)(c), 769.12(1)(c); MSA 28.1082(1)(c), 28.1083(1)(c), 28.1084(1)(c).

[10] Both defendants pleaded guilty to "major controlled substance offenses." MCL 761.2(a); MSA 28.843(12)(a).

[11] *Bewersdorf* is not alone in advancing this position. In Justice LEVIN's dissent in *People v Eason,* 435 Mich 228, 304-305; 458 NW2d 17 (1990), he similarly expressed this view:

In the past, the Court of Appeals has reached divided outcomes with regard to this issue.[12] However, as we explained in *Bewersdorf,* the language of paragraph (1)(c) of the habitual offender sections is clear. In such an instance, our obligation is simply to apply the law as enacted by the Legislature. As we have stated on many occasions, a court may not substitute a judicial construction or interpretation for a clear and unambiguous statute. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992).

I acknowledge that the habitual offender provisions now state that where the defendant's most recent conviction is a "major controlled substance offense," the defendant "shall be punished as provided by" the controlled substances article of the Public Health Code. *I would construe those provisions as evidencing a legislative intent to assure that the quantity and quality of a defendant's punishment . . . are governed by the controlled substances laws and not by the general habitual offender provisions.* In this regard, it is significant that the Legislature first "excluded" major controlled substance offenses from the habitual offender provisions at the same time it first adopted mandatory minimum terms of imprisonment for controlled substance offenses.[146] [Emphasis added.]

[146] Indeed, the two changes were linked. 1978 PA 77, which first "excluded" major controlled substance offenses from the purview of the habitual offender provisions, did not take effect unless and until 1977 HB 4190 was also enacted. See 1978 PA 77, § 2. HB 4190 was eventually enacted into law as 1978 PA 147. See 1978 PA 77 (compiler's note). 1978 PA 147 amended the Controlled Substances Act to provide for the first time mandatory minimum terms of imprisonment for certain drug-related offenses. The definition of "major controlled substance offense" in the Code of Criminal Procedure corresponded to the offenses for which the Legislature had in the Controlled Substances Act mandated minimum terms of imprisonment.

[12] See *People v Edmonds,* 93 Mich App 129, 135; 285 NW2d 802 (1979), and *People v Elmore, supra* at 305-306. Compare *People v Franklin,* 102 Mich App 591, 593-594; 302 NW2d 246 (1980), *People v Sears,* 124 Mich App 735, 740-742; 336 NW2d 210 (1983), and *People v Hatch,* 126 Mich App 399, 406-407; 337 NW2d 79 (1983). In the *Primer* case, the Court of Appeals simply relied upon *Franklin* and *Sears.* Regarding issues of this sort, see also n 25 of *Bewersdorf,* 438 Mich 69-70.

Though defendant Primer has three prior offenses, he is not subject to enhanced punishment. The habitual offender section is inapplicable because he has been convicted of a major controlled substance offense. And there is no enhanced punishment in part 74 of the Public Health Code, because this is only the defendant's first conviction for a controlled substance offense. Similarly, defendant Hegwood is not subject to an enhanced punishment under either the habitual offender statute or the Public Health Code. While the outcomes may seem incongruous, it is required by the clear and unambiguous statutory language chosen by the Legislature.

For the foregoing reasons, I would vacate the defendants' convictions as habitual offenders and remand to the circuit court for resentencing.

BRICKLEY and GRIFFIN, JJ., concurred with CAVANAGH, C.J.