CAVANAGH, J.
(dissenting). I respectfully dissent from the majority’s conclusion that MCL 333.7413(2) permits the sentencing judge to double the offender’s minimum and maximum sentences. In my judgment, in the context of the overall sentencing scheme, the provision at issue authorizes a sentencing judge to double only the penalty provided within the controlled substances act, MCL 333.7101 et seq., which, in this case, is only the maximum sentence. Therefore, I would reverse the judgment of the Court of Appeals and remand the case to the trial court for resentencing.
I. INTRODUCTION
The issue in this case is the proper interpretation of the sentencing enhancement provision in the controlled *733 substances act, MCL 333.7413(2), which states in relevant part that “an individual convicted of a second or subsequent offense under [the controlled substances act] may be imprisoned for a term not more than twice the term otherwise authorized . .. .” The majority holds that, in addition to authorizing the doubling of the maximum sentence provided for the offense in the controlled substances act, this provision authorizes the doubling of the minimum sentence authorized by the sentencing guidelines in the Code of Criminal Procedure. This interpretation, however, creates a conflict between MCL 333.7413(2) and the provision in the Code of Criminal Procedure, MCL 769.34(2), that requires that all minimum sentences fall within the range calculated under the sentencing guidelines absent a departure. I would instead construe the statutory provisions harmoniously to the extent possible and hold that MCL 333.7413(2) authorizes the doubling of only the penalties provided in the controlled substances act and not the minimum sentences provided by the sentencing guidelines.
II. OVERVIEW OF SENTENCING STATUTES
This case requires reading several sections of statutory code together because, in Michigan, punishment and sentencing for drug offenses are governed by the controlled substances act, which is article 7 of the Public Health Code, and chapters IX and XVII of the Code of Criminal Procedure, MCL 769.1 et seq. and MCL 777.1 et seq., respectively. Statutes regulating the same subject matter must be read together and, when possible, construed harmoniously. As this Court has stated, “ ‘[a]ll consistent statutes which can stand together, though enacted at different dates, relating to the same subject. . . are treated prospectively and con *734 strued together as though they constituted one act.’ ” Wayne Co v Auditor General, 250 Mich 227, 234; 229 NW 911 (1930) (citation omitted). They are “ ‘to be compared, harmonized if possible, and, if not susceptible of a construction which will make all of their provisions harmonize, they are made to operate together so far as possible consistently with the evident intent of the latest enactment.’ ”[1] Id. (citation omitted).
To begin with, chapter EX of the Code of Criminal Procedure provides the general rules for sentencing, including how to calculate the appropriate minimum and maximum terms under Michigan’s indeterminate sentencing scheme. Maximum sentences are governed partly by MCL 769.8(1), which provides that the maximum sentence for an offender’s first felony offense punishable by imprisonment in a state prison shall be the “maximum penalty provided by law ... in all cases except as provided in this chapter [of the Code of Criminal Procedure].” The maximum sentences for drug offenses are provided in the controlled substances act. Minimum sentences are governed by MCL 769.34(2), which clearly requires that the minimum of every sentence be set in accordance with the Code of Criminal Procedure. It states that the minimum sentence for any felony included in part 2 of the sentencing guidelines, MCL 777.11 et seq., “shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed,” except “as otherwise provided” in *735 MCL 769.34(2) or (3).[2] The sentencing guidelines are contained in chapter XVII of the Code of Criminal Procedure and provide the means of calculating minimum sentence ranges. The Code of Criminal Procedure also includes instructions about when the upper limit of those ranges may be enhanced. See MCL 769.34(2); MCL 777.1 et seq. The controlled substances act also provides mandatory minimum sentences for some drug offenses, but the Code of Criminal Procedure provides specific instructions about how to calculate minimum sentences when another statute provides for a mandatory minimum sentence.[3] In sum, for every felony to which chapter IX applies, the minimum sentence must be within the range calculated under the sentencing guidelines in chapter XVII of the Code of Criminal Procedure, and every maximum sentence must be the maximum provided by law.
In addition to the sentences generally permitted for offenses, both the Code of Criminal Procedure and the controlled substances act permit the sentences otherwise authorized to be enhanced for defendants who were convicted of prior offenses. The habitual-offender statutes in the Code of Criminal Procedure, MCL 769.10, 769.11, and 769.12, permit the maximum sentence otherwise allowed to be increased on the basis of the number of previous offenses. In addition, the controlled substances act provides in MCL 333.7413(2) that *736 a person convicted of a subsequent drug offense “may be imprisoned for a term not more than twice the term otherwise authorized . . .The sentencing guidelines expressly incorporate MCL 333.7413(2) by listing that statutory provision in MCL 777.18 along with other statutory sections dealing with offenses that are based on an offender’s other crimes. The sentencing guidelines instruct that in order to calculate a minimum sentence for a violation listed in MCL 777.18, the trial court should score the offense variables and determine the offense class on the basis of the underlying offense. MCL 777.21(4)(a) and (b).
HI. THE PROPER INTERPRETATION OF MCL 333.7413(2)
The issue in this case arises in light of the enhancement statute in the controlled substances act, MCL 333.7413(2). Defendant was subject to a sentence enhancement under this provision, which provides that, excluding some circumstances not applicable here, “an individual convicted of a second or subsequent offense under [the controlled substances act] may be imprisoned for a term not more than twice the term otherwise authorized . . . .” The majority concludes that the “term otherwise authorized” must refer to the “period of time” between the minimum and maximum sentences, so that MCL 333.7413(2) allows the doubling of both the minimum and maximum sentences otherwise authorized, regardless of where in the statutory scheme the sentences are authorized. The majority therefore upholds the doubling of the minimum sentence authorized by the sentencing guidelines for defendant.
There is, however, a fundamental problem with this approach that the majority fails to address. The majority’s interpretation creates a potential conflict between the sentence enhancement provision of the controlled *737 substances act, MCL 333.7413(2), and the requirement of the Code of Criminal Procedure in MCL 769.34(2) that all minimum sentences for applicable felonies must fall within the range calculated under the sentencing guidelines. The sentencing statutes in the Code of Criminal Procedure apply in this case. MCL 769.34(2) provides that every minimum sentence for a felony listed in MCL 777.11 et seq. must fall within the range permitted by the sentencing guidelines, except for certain circumstances provided for in MCL 769.34(2) and (3) that do not apply here.[4] Defendant pleaded guilty of possession of methamphetamine under MCL 333.7403(2)(b)(i), which is “a felony punishable by imprisonment for not more than 10 years or a fine of not more than $15,000.00, or both.” That offense is listed in MCL 777.13m and, therefore, under MCL 769.34(2), the minimum sentence defendant receives must fall within the range calculated under the sentencing guidelines in chapter XVII. I can see no authority under chapter IX that would exempt defendant from the requirement that the minimum sentence for his offense be within the range calculated under the sentencing guidelines. In my judgment, this is in conflict with the majority’s conclusion that MCL 333.7413(2) could be read to authorize the doubling of the minimum sentence allowed by the sentencing guidelines, given that doing so could result in a minimum sentence that is not within the range provided by the guidelines.
As discussed below, I disagree with the majority’s interpretation of the statute. But even if one accepts the majority’s reading of MCL 333.7413(2) as correct when *738 read in isolation, I think that the provision still must be read in harmony with MCL 769.34(2). Because MCL 769.34(2) uses mandatory language (“the minimum sentence. . . shall be within the appropriate sentence range”), while the language in the controlled substances act, MCL 333.7413(2), is merely permissive (“an individual. . . may be imprisoned for a term not more than twice the term otherwise authorized”), if the majority’s interpretation of MCL 333.7413(2) were correct, I would still interpret MCL 769.34(2) as limiting MCL 333.7413(2).[5] In my judgment, if the statutes are not harmonized in this manner, the majority’s reading of MCL 333.7413(2) irreconcilably conflicts with MCL 769.34(2).[6]
I do not find it necessary to reach this somewhat *739 strained approach to reconciling the statutes, however, because I disagree with the majority’s interpretation of MCL 333.7413(2). I think that, in the context of the statutory scheme as a whole, the better interpretation of MCL 333.7413(2) is that it only permits the doubling of the penalties provided in the controlled substances act and not the minimum sentencing ranges provided in the Code of Criminal Procedure.
In order to reach what I believe is the proper interpretation of MCL 333.7413(2), it is useful to consider the history of that provision. When the controlled substances act was adopted into law in 1978, there were no statutory sentencing guidelines and no statutorily required minimum sentences for most offenses. See People v Primer, 444 Mich 269, 278 n 11; 506 NW2d 839 (1993) (CAVANAGH, J., dissenting). To the extent that statutorily provided minimum sentences existed for drug offenses, they were provided within the controlled substances act itself, and the minimum sentences were mandatory. Id. In other words, at the time that MCL 333.7413(2) became law, the only “otherwise authorized” terms to which MCL 333.7413(2) could have been referring were those maximum sentences and, for a few *740 offenses, mandatory minimum sentences provided in the controlled substances act. It is clear that at that time, the Legislature anticipated that the controlled substances act would need to be construed in conjunction with the sentencing statutes in the Code of Criminal Procedure because the Legislature expressly attempted to reconcile the Code of Criminal Procedure’s habitual-offender-enhancement statutes, MCL 769.10, 769.11, and 769.12, with the controlled substances act.[7] Therefore, when MCL 333.7413(2) was adopted, it could have been read to permit courts to double the maximum and minimum sentences when the controlled substances act mandated both, but to permit courts to double only the maximum sentence when the controlled substances act provided only a maximum.[8]
*741 Twenty years later, in 1998, the Legislature first adopted statutory sentencing guidelines and amended the relevant sentencing provisions in the Code of Criminal Procedure accordingly. It was only then that the potential conflict between MCL 333.7413(2) and MCL 769.34(2) arose. As noted, where the new sentencing guidelines directly conflicted with the controlled substances act, i.e., where the controlled substances act provided mandatory minimums, the Legislature expressly reconciled the provisions. The Legislature did not, however, expressly address how to reconcile MCL 333.7413(2) with the newly created sentencing guidelines,[9] and it therefore falls to this Court to harmonize those provisions in light of the statutory scheme as a whole, if possible.
When considered in this context, the sentencing provisions in the Code of Criminal Procedure that were enacted 20 years later, when the sentencing guidelines themselves were adopted, are not inconsistent with *742 MCL 333.7413(2). The plain text of MCL 769.34(2) makes clear that the Legislature contemplated that, for all sentences to which the guidelines applied, the minimum sentence should be calculated according to the sentencing guidelines. This intent is not inconsistent with MCL 333.7413(2) if that provision is read to refer only to, as it did before the enactment of the sentencing guidelines, the maximum, and perhaps minimum, penalties expressly provided in the controlled substances act.[10]
Therefore, in order to harmonize the provisions and read the text in light of the statutory scheme as a whole, I would hold that, under MCL 769.34(2), a repeat drug offender’s minimum sentence must be calculated (and enhanced) using the sentencing guidelines, as provided in the sentencing statutes in chapters IX and XVII of the Code of Criminal Procedure. I would hold that, to the extent that it is applicable in a given case, MCL 333.7413(2) may only be used to enhance the penalties *743 provided in the controlled substances act. Therefore, in this case, I would hold that it was improper to find that MCL 333.7413(2) authorized the sentencing court to double defendant’s minimum sentence.
IV CONCLUSION
In my judgment, the majority improperly interprets the words and provisions of MCL 333.7413(2) outside the context of the statutory scheme and achieves an understanding of the statute that is inconsistent with the law as a whole. Therefore, I respectfully dissent. I would reverse the judgment of the Court of Appeals and remand the case to the trial court for resentencing.
KELLY, C.J., concurred with CAVANAGH, J.

 The members of this Court have expressed differing views regarding the proper approach to statutory interpretation. Although the current justices have disagreed on certain principles of statutory interpretation, there is agreement on the point that statutes should be construed in light of and in harmony with other relevant statutory provisions. See, e.g., Herman v Berrien Co, 481 Mich 352, 366; 750 NW2d 570 (2008); Baraga Co v State Tax Comm, 466 Mich 264, 275 n 6; 645 NW2d 13 (2002).

 MCL 769.34(2) provides an exception in circumstances in which a statute mandates a minimum sentence or a judge expressly departs from the guidelines by following the procedure outlined in MCL 769.34(3).

 MCL 769.9(3) provides that for major controlled substance offenses that have a mandatory minimum sentence, the court “shall fix the length of both the minimum and maximum sentence within those specified limits,. . . and the sentence so imposed shall be considered an indeterminate sentence.” In addition, MCL 769.34(2)(a) provides that “[¡Imposing a mandatory minimum sentence is not a departure [from the sentencing guidelines] under this section.”

 MCL 769.34(2) (a) does not apply because the statute under which defendant was sentenced, MCL 333.7403(2)(b)(i), does not specify a mandatory minimum sentence. MCL 769.34(3) does not apply because the sentencing judge did not follow the procedure required to depart from the guidelines.

 Even if the statutes could not be read harmoniously, in Wayne Co, this Court stated that if statutes were “ ‘not susceptible of a construction which will make all of their provisions harmonize, they are made to operate together so far as possible consistently with the evident intent of the latest enactment.’ ” Wayne Co, 250 Mich at 234 (citation omitted). Given that the controlled substances act, including MCL 333.7413(2), predated the sentencing guidelines and the current version of MCL 769.34(2) by 20 years, reading the mandatory language in MCL 769.34(2) to limit MCL 333.7413(2) would be consistent with the “evident intent of the latest enactment” in the sentencing scheme of the Code of Criminal Procedure.

 The majority argues that, because generally “the Legislature is presumed to be aware of judicial interpretations of existing law when passing legislation,” the Legislature must have intended the reference to “term” in MCL 333.7413(2) to include the new minimum sentencing guidelines. Ante at 729 (quotation marks omitted). While this reading could harmonize MCL 333.7413(2) with the sentencing guidelines in a general sense, it does not address the express conflict between MCL 333.7413(2) and the mandatory language in MCL 769.34(2) that the minimum sentence must fall within the sentencing range provided in the sentencing guidelines. If the Legislature had merely stated that the minimum term must be within the range “provided by law,” as stated in MCL 769.8(1) with regard to the maximum term, this conflict would not exist. Instead, however, the Legislature specifically stated that the minimum sentence must fall within the range provided in the guidelines.
*739 The majority further argues that the instructions in MCL 777.21(4) for calculating minimum sentences under MCL 333.7413(2) suggest that “the Legislature intended for the recidivist aspect of the subsequent drug offense to be accounted for by enhancing both the defendant’s minimum and maximum sentences pursuant to [MCL 333.7413(2)].” Ante at 730-731. I disagree. I suggest, as an alternative, that the Legislature’s provision of instructions in the sentencing guidelines for how to calculate minimum sentences for offenses under MCL 333.7413(2) merely demonstrates that the Legislature intended minimum sentences for repeat drug offenders to be calculated under the sentencing guidelines. Nevertheless, I agree with the majority that “MCL 777.21(4) simply provides the methodology for a trial court to follow in calculating a defendant’s minimum sentence guideline range” and does not provide dispositive support for either of our positions. Ante at 728.

 Each of the habitual-offender statutes states that “[i]f the subsequent felony is a major controlled substance offense, the person shall be punished as provided by part 74 of the public health code, 1978 PA 368, MCL 333.7401 to 333.7461.” MCL 769.10(l)(c), 769.11(l)(c), and 769.12(l)(c).

 For drug offenses that the controlled substances act provides mandatory mínimums for, which are generally the major controlled substance offenses, it may be arguable whether MCL 333.7413(2) would permit doubling of the mínimums as well as the máximums. The history of the relationship between the habitual-offender statutes and mandatory mínimums is explained in Primer, 444 Mich at 278 n 11 (Cavanagh, J. dissenting):
“1978 PA 77, which first ‘excluded’ major controlled substance offenses from the purview of the habitual offender provisions, did not take effect unless and until 1977 HB 4190 was also enacted. See 1978 PA 77, § 2. HB 4190 was eventually enacted into law as 1978 PA 147. See 1978 PA 77 (compiler’s note). 1978 PA 147 amended the Controlled Substances Act to provide for the first time mandatory minimum terms of imprisonment for certain drug-related offenses. The definition of ‘major controlled substance offense’ in the Code of Criminal Procedure corresponded to the offenses for which the Legislature had in the Controlled Substances Act mandated minimum terms of imprisonment.” [Citation omitted.]
*741 It may be arguable whether MCL 769.10(l)(c), 769.11(l)(c), and 769.12(l)(c) were intended to permit the mandatory minimums to be doubled, as well as the máximums, given that the habitual-offender statutes themselves otherwise deal with maximum sentences. In light of this history, however, it seems possible that the Legislature intended MCL 333.7413(2) to permit courts to double both the maximum and the minimum when the controlled substances act mandated both. It is further arguable whether the sentencing guidelines would act as a limit on this authority today. In any event, it is not necessary to reach this issue in this case because the statute under which defendant was convicted and sentenced does not provide a mandatory minimum and is not a “major controlled substance offense,” as defined in MCL 761.2. Therefore MCL 769.10(l)(c), 769.11(l)(c), and 769.12(l)(c) are not applicable in this case.

 This could be because the Legislature did not consider the provisions to conflict, if the Legislature was operating under the assumption that MCL 333.7413(2) only applied to, as it had up until that point, the mandatory minimum and maximum sentences provided in the controlled substances act.

 Using impressive linguistic gymnastics, the majority concludes that the best understanding of MCL 333.7413(2) is that the “term otherwise authorized” is not “exclusively the minimum sentence or the maximum sentence, but it is the actual indeterminate sentence, which is defined by both the minimum and maximum limits for that sentence.” Ante at 724. I agree that this is one possible meaning of the phrase. But there are other possible meanings that I find more plausible in the context of the entire statutory sentencing scheme, particularly given that this provision was enacted 20 years before the Legislature enacted statutory sentencing guidelines within the indeterminate sentencing scheme. Indeed, throughout the statutory scheme, the Legislature refers to a “term” as the maximum (or minimum) amount of time for which an offender may be imprisoned. See, e.g., MCL 333.7416(l)(a) and (3); MCL 333.16177(2)(b). If the Legislature had intended to encompass both the maximum and minimum terms otherwise authorized in the controlled substances act, it is logical that the unmodified word “term” would be used in order to be applicable to both. I do not think that the majority’s limited and exclusive understanding of the word “term” best harmonizes MCL 333.7413(2) with the statutory scheme as a whole.