PEOPLE v WILLIAMS

Docket No. 156782. Submitted November 9, 1993, at Grand Rapids. Decided May 16, 1994, at 9:00 A.M. Leave to appeal sought.

Darnell M. Williams pleaded guilty in the Berrien Circuit Court, John T. Hammond, J., of delivery of less than fifty grams of cocaine and was sentenced as a repeat drug offender to ten to forty years of imprisonment. The defendant appealed the sentence, claiming that he should have been sentenced pursuant to the sentencing guidelines and that the sentence imposed violates the principle of proportionality.

The Court of Appeals *held*:

1. The sentencing guidelines do not apply to habitual offenders, including those who, like the defendant, are subject to longer sentences pursuant to MCL 333.7413(2); MSA 14.15(7413)(2) as repeat offenders of the controlled substances act.

2. The defendant's enhanced sentence does not violate the principle of proportionality.

Affirmed.

SENTENCES — CONTROLLED SUBSTANCES — HABITUAL OFFENDERS — SENTENCING GUIDELINES.

The sentencing guidelines do not apply to a repeat offender of the controlled substances act who is subject to imprisonment for a term not more than twice the term otherwise authorized for a first offender (MCL 333.7413[2]; MSA 14.15[7413][2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Wiley,* Prose-

REFERENCES

Am Jur 2d, Criminal Law § 539; Drugs, Narcotics, and Poisons §§ 27.20, 48; Habitual Criminals and Subsequent Offenders §§ 2, 6, 14, 30.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

Validity of state statute imposing mandatory sentence or prohibiting granting of probation or suspension of sentence for narcotics offenses. 81 ALR3d 1192.

cuting Attorney, and *Elizabeth A. Wild,* Assistant Prosecuting Attorney, for the people.

*William D. Renner, II,* for the defendant on appeal.

Before: McDONALD, P.J., and MURPHY and TAYLOR, JJ.

TAYLOR, J. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2) (a)(iv), a charge carrying a mandatory one- to twenty-year prison term.[1] Under subsection 4 of that statute, the sentencing judge was authorized to depart from the mandatory minimum term for substantial and compelling reasons.[2] Because defendant is a repeat drug offender, he is subject to the sentence augmentation provision of the controlled substances act, MCL 333.7413(2); MSA 14.15(7413) (2), under which he "may be imprisoned for a term no more than twice the term otherwise authorized. . . ." Thus, the sentence enhancement provision allows defendant's statutory mandatory prison term to be raised from one to twenty years to a possible two to forty years.[3] However, the sentencing court sentenced defendant to ten to

---

[1] In exchange for defendant's plea, a separate charge of delivery of less than fifty grams of cocaine with second-offender augmentation was dismissed.

[2] Section 7401(4) of the controlled substances act, MCL 333.7401(4); MSA 14.15(7401)(4), provides:

> The court may depart from the minimum term of imprisonment authorized under subsection (2)(a) . . . (iv) if the court finds on the record that there are substantial and compelling reasons to do so.

[3] See *People v Scott,* 197 Mich App 28, 30; 494 NW2d 765 (1992).

forty years in prison.[4] Defendant appeals this sentence as of right, and we affirm.

The first issue on appeal is whether the guidelines apply to offenders sentenced under the sentence enhancement provision of § 7413(2), i.e., whether a defendant whose sentence was enhanced under the second- or subsequent-offender provision of the controlled substances act is an "habitual offender" for purposes of the sentencing guidelines. We conclude that such an offender is an habitual offender; therefore the guidelines do not apply.

This issue was raised in the trial court when defendant moved for resentencing on the grounds now advanced on appeal. The sentencing judge denied the motion on the ground that the instructions for the second edition of the sentencing guidelines specifically state that the guidelines do not apply to habitual offenders, an undefined catchall phrase he viewed as being equally applicable to an offender "habitualized" under the Code of Criminal Procedure, i.e., MCL 769.10 - 769.12; MSA 28.1082 - 28.1084, or under the second- or subsequent-offender provision of the controlled substances act, MCL 333.7413(2); MSA 14.15(7413) (2). In addition, the judge pointed out that there is no grid in the sentencing guidelines for drug offenses that shows a statutory maximum of 480 months (forty years), demonstrating that habitual drug offenders were never intended to be sentenced under the guidelines. We agree with the sentencing judge.

The "Basic Information and General Instructions," paragraph B.3, prefacing the guidelines, says:

---

[4] Because defendant was on parole for a cocaine possession offense at the time he committed this offense, the sentence was imposed to run consecutively to the drug possession sentence.

Even though *the Sentencing Guidelines do not apply where an offender is to be sentenced as an habitual offender,* the judge must complete the SIR on the underlying offense. This information will aid in the development of guidelines to cover habitual offenders [Emphasis supplied.]

Toward the end of the instructions, the following paragraph is found:

HABITUAL INFORMATION
*The Sentencing Guidelines do not apply to Habitual Offender Convictions.* In order to develop guidelines for Habitual Offenders, the judge must record, on the SIR, when the offender is convicted as an habitual offender, the level of conviction, and the new statutory maximum. [Emphasis supplied.]

Defendant correctly points out that our Supreme Court has distinguished between sentences imposed under the habitual offender provisions of the Penal Code and those imposed under the habitual offender provisions of the controlled substances act. *People v Eason,* 435 Mich 228; 458 NW2d 17 (1990). See also *People v Scott,* 197 Mich App 28, 29, n 1; 494 NW2d 765 (1992). However, the distinctions drawn in *Eason* pertain to procedural due process safeguards. 435 Mich 232-233. The differences between the habitual offender statutes, which the *Eason* Court described as "alternate sentencing provisions," and the provisions of the controlled substances act, described as "penalty-enhancement provisions," are not particularly helpful in deciding the issue presented.

In interpreting the guidelines, we are guided by the rules of statutory construction. *People v Johnson,* 202 Mich App 281, 291; 508 NW2d 509 (1993). The first criterion of statutory interpretation is the

specific language used; the meaning plainly expressed is presumed to be the meaning intended. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989); *People v Miller,* 186 Mich App 238, 241; 463 NW2d 250 (1990), modified 440 Mich 631; 489 NW2d 60 (1992). Unless defined, every word or phrase should be given its plain and ordinary meaning; technical terms are to be given their peculiar meaning. MCL 8.3a; MSA 2.212(1); *People v Tracy,* 186 Mich App 171, 176; 463 NW2d 457 (1990).

The instructions for the sentencing guidelines do not define "habitual offenders." Nor, as the sentencing judge astutely recognized, does the word "habitual" or the phrase "habitual offender" appear anywhere in §§ 10-12 of the Code of Criminal Procedure. Accordingly, in construing the sentencing guidelines instructions, we give the phrase "habitual offender" its ordinary meaning, i.e., an offender who persists in engaging in criminal activity. This definition fits repeat drug offenders like defendant.

Another rule of statutory construction is that provisions must be read in context so as to produce an harmonious whole. *In re Forfeiture of $5,264,* 432 Mich 242, 251; 439 NW2d 246 (1989). The guidelines in their entirety do not accommodate enhanced sentencing, no matter which statutory provision enhancement derives from. There are no grids reflecting the lengthened statutory maximum sentences in any such cases. In keeping with the guidelines instructions, this Court has previously held that the guidelines apply only to the minimum sentence for felonies for which the guidelines manual provides sentencing range grids. *People v Douglas (On Remand),* 191 Mich App 660, 663; 478 NW2d 737 (1991). The *Douglas* rationale precludes application of the guidelines in this case; the

guidelines range cannot be said to encompass an offense for which the punishment, including both the minimum and maximum prison terms, has been drastically enhanced by statute. There simply is no range provided for a sentence for a repeat drug offender.

Additionally, it appears to us most unlikely, for reasons of simple practicality, that the drafters of the guidelines would have placed repeat offenders convicted under the controlled substances act within the ambit of the guidelines. To have done so would require the sentencing judge to first consider the mandatory prison term, then to determine whether to depart from that mandatory minimum term, while at the same time considering a suggested discretionary sentencing range set forth in the guidelines that would almost invariably be either lower or higher than the mandatory minimum term. A charitable assessment of such a process would describe it as unworkable. We decline to assume that the drafters would have imposed such a problematic process, which in practice would produce unreasonable consequences.

Defendant also contends that the sentence imposed violates the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630, 635-636; 461 NW2d 1 (1990). Although we have held that the guidelines range does not apply, the guidelines are nevertheless the starting point for our review. *Scott, supra,* p 30. The ten- to forty-year prison term imposed exceeds by a factor of two the range of eighteen to sixty months (1½ to 5 years) under the guidelines for delivery of less than fifty grams of cocaine. Under this Court's opinion in *People v Williams,* 191 Mich App 685, 686-687; 479 NW2d 36 (1991), this degree of enhancement for a repeat offender is proportionate. Moreover, we are mind-

ful of the trial court's reasons for the sentence imposed:

> Sir, you are 19 years old. This is your fourth felony. You were only on parole for a month. If you keep this up, then you are going to have a hard life and it is all going to be inside. But, that is . . . that will be your choice, I guess.

Under the circumstances, we see no violation of the principle of proportionality.

Affirmed.